UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM R. ELDER,<br>   Plaintiff, | )<br>)<br>) |
| vs. | )    Case No. 22-2128<br>) |
| CHARLESTON, ILLINOIS, et. al.,<br>   Defendants | )<br>) |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The caption to Plaintiff's complaint lists the following Defendants: Charleston, Illinois; Coles County; Coles County Jail; and Correctional Officers. (Comp., p. 1). In the list of Defendants section of his complaint, Plaintiff has identified only "Correctional Officers employed at the Coles County Jail, 2016-2020." (Comp, p. 2).

Plaintiff then alleges he was improperly placed on "med-watch" "on multiple instances when he was at the jail from 2016-2020." (Comp, p. 5). Plaintiff complains about his living conditions during this time and the use of a "stun cuff" on his legs. (Comp, p. 6).

Plaintiff is advised he must file any claims within the statute of limitations period. A federal claim pursuant to 42 U.S.C.§1983 is subject to the two-year statute of limitations period. *See Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006); *see also* 735 ILCS 5/13-212. ! This time period begins when Plaintiff knew or had reason to know of the injury which formed the basis of his claim. *See Woidtke v. St. Clair County, Illinois*, 335 F.3d 558, 562 (7th Cir. 2003); *Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996). Therefore, if a specific incident occurred in 2016, Plaintiff had to file his claim concerning that incident on or before 2018.

In addition, Plaintiff must provide enough information concerning his claim to put the Defendants and the Court on notice of his claims. *See* Fed.R.Civ.P. 8.  Plaintiff must provide specific dates or time frames he was placed on med-watch or specific dates or time frames when a stun cuff was used.  Plaintiff must provide details of his living conditions for each time he was placed on med-watch, and he must identify the Defendants who were involved in either placing him on med-watch or using the stun cuff.  If Plaintiff is unsure of a specific Defendant's name, he must still provide some identifying information such as a physical description, job title, or the day of the incident.  It is not sufficient to provide a four-year time period without any other information concerning the incidents or defendants.

Plaintiff also may not sue the Coles County Jail since it is a building and not a person capable of being sued pursuant to 42 U.S.C. §1983. *See White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018); *Laughman v. Baker*, 2020 WL 5653397, at *1 (S.D.Ind. Sept. 23, 2020). In addition, Plaintiff has also failed to state a factual basis for a claim against

Coles County based on an official policy, practice, or custom. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

If Plaintiff believes he can provide more specific allegations which occurred within the two-year statute of limitations period, he may file an amended complaint.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915A and Federal Rule of Civil Procedure 8.

2) Plaintiff's motion for appointment of counsel is denied with leave to renew after Plaintiff clarifies his intended claims. [5].

3) Any proposed amended complaint must be filed on or before November 4, 2022. If Plaintiff fails to file an amended complaint on or before the deadline or fails to address the deficiencies noted in this order, his case will be dismissed with prejudice.

4) The Clerk is to provide Plaintiff with a blank complaint form for his convenience and reset the internal merit review deadline within 30 days.

ENTERED this 12th day of October, 2022.

s/ James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE